**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **CHRISTINA BRYANT, Individually and On Behalf of All Others Similarly Situated,** | |
| **Plaintiff,** | **CIVIL ACTION NO.  4:17-cv-00430** |
| **V.** | **JURY TRIAL DEMANDED** |
| **SOUTHERN KOMFORT KITCHEN, LLC,** | |
| **Defendant.** | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY OF SUIT**

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers ...." 29 U.S.C. § 202(a).  To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

2.      The FLSA allows employers to pay less than the minimum wage to employees who receive tips. 29 US.C. § 203(m).  In doing so, employers may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips.  *Id.*  An employer must advise an employee *in advance of its use of the tip credit* pursuant to the provisions of section 3(m) of the FLSA.  That is, the employer must inform the employee (1) the amount of the cash wage that is to be paid to the tipped employee (2) the amount by which the wages of the tipped employee are increased on account of the tip

credit (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool and (4) that the tip credit shall not apply to any employee who does not receive the notice.  Furthermore, it is illegal for employers to require waiters to share tips with ineligible employees such as kitchen staff, management and the employer itself.  The Fifth Circuit Court of Appeals affirmed a jury verdict and judgment in favor of wait staff when Chili's Restaurant required the staff to share tips with ineligible employees. *See Roussell* v. *Brinker Intl. Inc.* 2011 WL 4067171 (5th Cir. Sept. 14, 2011).

3.     Defendant violated the FLSA by:

   a) requiring that its waiters participate in a tip pool where a percentage of tips are shared with employees who are not eligible to receive tips, and

   b) by deducting more than the actual credit card fees associated with liquidated credit card tips. *See Steele v. Leasing Enterprises, Ltd*, 2016 WL 3268996 (5th Cir. June 14, 2016).

4.     Defendant's practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m) violates the FLSA's minimum wage and overtime provisions. *See* 29 U.S.C. §§ 203, 206 and 207.  As a result, Defendant loses its right to rely on the tip credit and must compensate Plaintiff at the full minimum wage and overtime rates.  Additionally, Plaintiff is entitled to tips Defendant misappropriated.

5.     Plaintiff brings a collective action to recover the unpaid wages and misappropriated tips owed to her and all other similarly situated employees, current and former pursuant to 29 U.S.C. § 216(b).  Members of the Collective Action are hereinafter referred to as "Class Members."

6.     Plaintiff also prays that the class of similarly situated wait staff be notified of the pendency of this action and apprised of their rights so that they may have an opportunity to join this litigation in a manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## SUBJECT MATTER JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b)

and 28 U.S.C. § 1331.

8.      Venue is proper in the Southern District of Texas-Houston Division because a substantial

portion of the events forming the basis of this suit occurred in this District.

## PARTIES & PERSONAL JURISDICTION

9.      Plaintiff Christina Bryant is an individual residing in Harris County, Texas.  Plaintiff's

written consent to this action is attached to this Complaint as "Exhibit 1."

10.     The Class Members are current and former wait staff employed by Defendant at any time

three years prior to the filing of this lawsuit to the present.

11.     Defendant Southern Komfort Kitchen LLC is a domestic for-profit limited liability

company, which does business in Texas.  Defendant may be served process through its registered

agent as follows: Virgil Dwayne Spann, 2314 East Van Trease Drive, Deer Park, TX 77536

USA.

## FLSA COVERAGE

12.     At all material times, Defendant has been an employer within the meaning of 3(d) of the

FLSA. 29 U.S.C. § 203(d).

13.     At all material times, Defendant has been an enterprise in commerce or in the production

of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees

engaged in commerce. 29 U.S.C. § 203(s)(1).

14.     Furthermore, Defendant has had, and continues to have, an annual gross business volume

in excess of the statutory standard.

15.     At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## FACTS

16.     Defendant operates Southern Komfort Kitchen, a restaurant in La Porte, Texas.

17.     Defendant employs wait staff to provide services to its restaurant patrons.

18.     Plaintiff was employed as a waitress at Defendant's restaurant beginning in February 2015 and ending on January 29, 2016.  Plaintiff worked 35 to 45 hours per week.

19.     Defendant pays its wait staff at an hourly rate below minimum wage ($2.13 per hour) plus tips.  Defendant also takes the maximum "tip credit" allowed under the FLSA against its wait staffs' overtime rate.

20.     Defendant violated the FLSA when it required Plaintiff and Class Members to participate in a "tip pool" which included ineligible employees such as managers, the owner of the restaurant and kitchen workers. Furthermore, by deducting more than the actual credit card fees associated with liquidated credit card tips, Defendant has violated the FLSA.

21.     As a consequence of Defendant's actions, it loses the right to take a credit toward its minimum wage and overtime obligations.

22.     Plaintiff and Class Members are also entitled to their misappropriated tips.

23.     Defendant knows or should have known that its policies and practices violate the FLSA, and Defendant has not made a good faith effort to comply with the FLSA.  Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out its illegal pattern and practice regarding its tipped employees. Defendant's method of paying Plaintiff in violation of the FLSA was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## FLSA MINIMUM WAGE & OVERTIME VIOLATIONS

24.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

25.     Defendant's practice of failing to pay Plaintiff at the required minimum wage and overtime rate violates the FLSA. 29 U.S.C. § 206 and 207.

26.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage and overtime rate are applicable to the Defendant or the Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiff has actual knowledge that Class Members have also been denied pay at the federally mandated minimum wage and overtime rate.   Additionally, Plaintiff has actual knowledge that Class Members have had their tips misappropriated by Defendant.   Plaintiff worked with other wait staff at Defendant's restaurant.   These employees have reported that they were subject to the same illegal pay practice described in this Complaint.   Such other employees have also expressed an interest in joining this lawsuit.

28.     Defendant takes a tip credit against its minimum wage and overtime obligations for all of its wait staff.

29.     Defendant also requires all of its wait staff to share tips with employees that do not customarily receive tips and/or the house.

30.     Defendant deducts more than the actual credit card fees associated with liquidated credit card tips for all of its wait staff.

31.     The Class Members perform or have performed the same or similar work as the Plaintiff.

32.     Class Members are not exempt from receiving pay at the federally mandated minimum wage and overtime rate under the FLSA.

33.     As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of minimum wage and overtime.

34.     Defendant's failure to pay for hours worked at the minimum wage and overtime rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

35.     The experiences of the Plaintiff, with respect to her pay, are typical of the experiences of the Class Members.

36.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

37.     All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage and overtime rate.

38.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

39.     Due to the inherent nature of Defendant's tip credit and tip pool policies, all of Defendant's employees subject to a tip credit are similarly situated with respect to the violation.

40.     As such, the class of similarly situated Plaintiffs is properly defined as follows:

**Current and former wait staff employed by Defendant at any time three years prior to the filing of this lawsuit to the present.**

## DAMAGES SOUGHT

41.     Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage and overtime rate.

42.     Plaintiff and Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

43.     Plaintiff and Class Members are entitled to their misappropriated tips.

44.     Plaintiff and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

45.     Plaintiff and Class Members hereby demand trial by jury.

## PRAYER

46.     For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

    a)      All unpaid wages at the FLSA mandated minimum wage and overtime rate;

    b)      An equal amount as liquidated damages as allowed under the FLSA;

    c)      Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

    d)      All misappropriated tips; and

    e)      Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By:    */s/ Todd Slobin*                 
        Todd Slobin
        Texas Bar No. 24002953
        tslobin@eeoc.net
        Ricardo J. Prieto
        Texas Bar No. 24062947
        rprieto@eeoc.net
        Dorian Vandenberg-Rodes
        Texas Bar No. 24088573
        drodes@eeoc.net
        11 Greenway Plaza, Suite 1515
        Houston, Texas 77046
        Telephone: (713) 621-2277
        Facsimile: (713) 621-0993

        ATTORNEYS FOR PLAINTIFF &
        CLASS MEMBERS