IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMIE WILLIAMSON, Individually and On Behalf of All Others Similarly Situated,<br><br>　　Plaintiff,<br><br>V.<br><br>SOUTHERN KOMFORT KITCHEN, LLC,<br><br>　　Defendant. | CIVIL ACTION NO. 4:17-cv-00430<br><br>JURY TRIAL DEMANDED |

### AGREED MOTION TO APPROVE SETTLEMENT

Plaintiff and Defendant file this agreed motion to approve their settlement agreement and to dismiss the lawsuit with prejudice. The Parties provide the following information in support thereof and in response to the Court's Order, Dkt. No. 78.

### I. Nature of Case

This is a collective action under the FLSA involving claims for misappropriated tips and unpaid minimum wages and overtime for servers at Defendant's restaurant. This case was filed on February 10, 2017 and resolved on April 19, 2019. Approximately 35 individuals opted into this collective action after it was conditionally certified. The parties conducted discovery and Plaintiff filed a Motion for Summary Judgment, which the Court denied on March 20, 2019. On April 19, 2019, the parties reached a settlement through mediation. The final settlement agreement signed by the Parties is attached as Exhibit A. All Parties are in agreement as to the apportionment and distribution of the settlement funds. Each Plaintiff and Class Member will receive a prorated share of the misappropriated tips and unpaid minimum and overtime wages

(and other damages) that she claimed or could have claimed by way of this lawsuit. The settlement is in the best interest of all parties.

## II. Amount Claimed by Plaintiff

Plaintiff's and Class Members' claim for misappropriated tips and unpaid minimum wages and overtime is based on Defendant's time and payroll records produced. Plaintiffs calculate the recoverable damages as $37,815.92 (pre-liquid), assuming Plaintiff and Class members prevailed. Defendant's position is that Defendant corrected its time and payroll records prior to paying Plaintiff and Class Members and that Plaintiff and Class Members were properly paid. Defendant's Response to Plaintiff's Motion for Summary Judgment (Dkt. No. 71), at 2. Plaintiffs and Defendant also disagreed regarding the method of calculation of damages. *Id.* at 19.

In the interest of an amicable resolution, the Parties negotiated a gross settlement of $75,000. (Exhibit A). The net settlement value to the Plaintiff and Class Members is $37,856.00, which is just over 100% of their highest possible pre-liquid damages, assuming they were to prevail.

## III. Release by Plaintiff

The release signed by the Plaintiff on behalf of the Class Members is narrowly constructed to encompass only the FLSA and any other wage-related claims that could have been asserted in this litigation.

## IV. Attorney's Fees

$37,144.00 of the settlement is allocated toward attorneys' fees and costs. (Exhibit B – Declaration of Ricardo J. Prieto). This amount is based on a 40% contingency fee from the gross

settlement plus reimbursed costs and expenses, as agreed to by the class representative and each class member as reflected in every consent form filed on their behalf.

In light of the Parties' settlement, they now respectfully request that the Court enter the accompanying order approving the settlement and dismissing this case with prejudice to refiling, and with each party bearing their own costs.

Respectfully Submitted,

_/s/ Ricardo J. Prieto_  
Counsel for Plaintiff

6/24/19  
Date

_/s/ Kevin L. Hood_  
Counsel for Defendants

6/24/19  
Date

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2019, I electronically filed a copy of the foregoing pleading and served it by electronic transmission through the Court's CM/ECF system under seal, and by email to all counsel of record.

/s/ Ricardo J. Prieto  
Ricardo J. Prieto