## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is made and entered into between Jamie Williamson ("Named Plaintiff"), both in her individual capacity and also as Class Representative on behalf of all persons identified on Exhibit A (the "Class Members") to this Agreement (collectively, the "Plaintiffs"), on the one hand, and Southern Komfort Kitchen, LLC ("SKK"), on the other hand. Plaintiffs and SKK are referred to collectively hereinafter as the "Parties."

Named Plaintiff filed a lawsuit against SKK styled Jamie Williamson v. Southern Komfort Kitchen, LLC, Civil Action No. 4:17-cv-00430, in the U.S. District Court for the Southern District of Texas, on behalf of herself and similarly situated employees, alleging that she and Class Members were required to contribute tips to a tip pool where tips were shared with employees who are not eligible to receive tips, and were denied their misappropriated tips and minimum wages and overtime wages to which they were entitled, in violation of the Fair Labor Standards Act (the "Lawsuit"). Thereafter, Class Members joined the Lawsuit by filing consents which are on file in the Lawsuit. SKK denies the Plaintiffs' allegations and asserts affirmative defenses. The matters and claims at issue and the allegations in the Lawsuit are collectively referred to herein as the "Dispute."

The Parties have conducted relevant discovery, investigated the facts, and have made a thorough study of the legal principles applicable to the claims asserted in the Dispute. Based upon Plaintiffs' investigation, legal evaluation, and taking into account the contested legal and factual issues involved, including the assessment of the uncertainties of litigation and the relative benefits conferred upon the Plaintiffs pursuant to this Settlement Agreement, Plaintiffs have concluded that the settlement with SKK on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Plaintiffs.

Without any admission of liability, the Parties desire to compromise and settle the Dispute and all claims by Plaintiffs for misappropriated tips, minimum wages, overtime wages, underpaid wages, unpaid wages, liquidated or other damages, penalties, restitution, attorneys' fees, costs, and interest, including but not limited to claims under the Fair Labor Standards Act ("FLSA") or any other federal, state, or local law pertaining to the payment of wages or their employment, that were or could have been asserted by the Plaintiffs in the Lawsuit.

For these reasons and in consideration of the representations, covenants and mutual promises set forth in this Agreement, the Parties agree as follows:

1. **Certain Definitions.**

    (a) The term "Claims" means all state, local, or federal claims, obligations, demands, actions, rights, causes of action, liabilities, and damages, or any other causes of action of whatever nature, whether known or unknown, against the Released Parties for unpaid overtime wages, underpayment of wages, nonpayment of wages, bonuses, incentive

**EXHIBIT A**

compensation of any type, or any and all other types of compensation, liquidated or other damages, unpaid costs, penalties, interest, attorneys' fees, litigation costs, expert costs, restitution, or other compensation and relief arising under the FLSA or any other federal, state, or local law pertaining to the payment of wages.

(b) The term "Damages" means any and all damages and elements of relief or recovery of whatever nature, whether known or now unknown, whether recognized by the law or equity of any jurisdiction relating to a claim for unpaid overtime wages, underpayment of wages, nonpayment of wages, bonuses, incentive compensation of any type, or any and all other types of compensation, liquidated or other damages, unpaid costs, penalties, interest, attorneys' fees, litigation costs, expert costs, restitution, or other compensation and relief arising under the FLSA or any other federal, state, or local law pertaining to the payment of wages. This term comprehensively includes actual damages, liquidated damages, attorneys' fees; interest; costs; and expenses that Plaintiffs may have been entitled to recover as part of the Dispute.

(c) The term "Class Counsel" means the law firm of Shellist | Lazarz | Slobin LLP.

(d) The "Effective Date" means the date the Court gives the Parties notice of approval of this Settlement.

(e) The terms "Plaintiff" or "Plaintiffs" or "Class Members" refers to each of the persons who filed, and have not withdrawn, consents to participate in this matter through the date of this Agreement as identified in Exhibit A attached hereto and incorporated by reference, acting individually or in any representative capacity, as well as his/her, heirs, executors, administrators, attorneys, legal representatives, successors, beneficiaries, dependents, and assigns.

(f) The term "SKK" means and includes Southern Komfort Kitchen, LLC, and their past, present and future owners, parent companies, subsidiaries, affiliates, divisions, related entities, predecessors, successors, and any merged entities; as well as the respective past, present and future owners, partners, shareholders, directors, officers, fiduciaries, trustees, employees, agents, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, insurers, assigns, principals and legal representatives of any such entities (collectively the "Released Parties"). Plaintiffs and SKK agree that each of the Released Parties is an intended third-party beneficiary of the releases, representations, warranties, and obligations of Plaintiffs under this Agreement.

2. **Required Approval of the Agreement.**

**EXHIBIT A**

Class Counsel shall prepare a motion for approval for the settlement, and SKK will not unreasonably withhold its consent to the motion. The Parties agree to prepare and effectuate any other documents which are needed to approve the settlement and dismiss the Lawsuit. The motion shall be filed no later than May 1, 2019.

3. **Plaintiffs' Release and Waiver of Claims, and Other Obligations.**

(a) Each Plaintiff releases and discharges the Released Parties from any and all Claims and Damages (as those terms are defined above), including without limitation those that were or could have been raised in the Lawsuit or before any court or government agency.

(b) Each Plaintiff represents and warrants that no other person or entity has any interest in, or assignment of, any Claims or Damages that he or she may have against any Released Party and which he or she now releases in their entirety, except for Class Counsel.

4. **SKK's Obligations.**

(a) In reliance on and in consideration for the representations, warranties and covenants of the Plaintiffs set forth in this Agreement, SKK will pay the total sum of $75,000.00, in the amounts and on by the dates stated below in paragraphs (b) – (d), and shall be inclusive of all settlement payments to the Plaintiffs and attorneys' fees, costs, expenses (both those incurred to date and those to be incurred), but exclusive of employer-side payroll taxes (the "Gross Settlement Amount"). The amounts shown on Exhibit A are based on each Plaintiff's damages in weeks during which Plaintiffs allege a violation of the tip pool. For the portion of Plaintiffs' settlement proceeds that constitute wages, employee-side taxes shall be withheld and paid from the Gross Settlement Amount.

(b) To the Class Members, SKK agrees to pay the gross amount of $37,856.00, in the amounts stated in Exhibit A (the "Settlement Awards"). SKK shall issue each Class Member one check for the amount reflected in Exhibit A for each Class Member. The checks shall be issued by SKK without deduction and SKK will issue a W2 to each Class Member.

(c) In addition to the Settlement Awards to the Class Members stated in paragraph (b) above, SKK shall pay Plaintiffs' counsel $37,144.00 as payment in full of Class Counsel's attorneys' fees and costs incurred in the Dispute or to be incurred hereinafter as part of obtaining Court Approval of this Settlement and/or dismissal of this lawsuit. SKK agrees not to oppose Plaintiffs' request that they be awarded $37,144.00 as compensation for their reasonable and necessary attorneys' fees and costs incurred in pursuing the Lawsuit. In no event shall Plaintiffs request an award of costs and fees exceeding $37,144.00, and any purported award of fees and costs in excess of $37,144.00 shall nullify this Agreement. The attorneys' fees and costs paid by SKK pursuant to this Agreement shall constitute full satisfaction of its obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Dispute on behalf of any Plaintiff,

**EXHIBIT A**

and shall relieve SKK from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of the Plaintiffs. SKK shall deliver Class Counsel's check to Class Counsel within seven (7) calendar days after the Court enters its Order approving this Settlement and/or dismissing the Lawsuit with prejudice.

(d) Within seven (7) calendar days after the Effective Date, (i) SKK shall deliver the individual Settlement Amount checks for each of the Plaintiffs to Class Counsel for disbursement to the Named Plaintiff and Class Members. Class Counsel shall then mail the checks to Plaintiffs.

(e) The expiration date on the Settlement Award checks will be one hundred and eighty (180) days from the date the checks are issued.

(f) No person shall have any claim against Plaintiffs, Class Counsel, the SKK Released Parties, or SKK's Counsel based on distributions or payments made in accordance with this Agreement.

5. **Taxes.**

Each Plaintiff understands and agrees that neither SKK nor any of its agents or representatives have provided or are in a position to provide any opinion or advice to him/her with respect to any tax liabilities that may exist in connection with the Settlement Award specified in Paragraph 4 of this Agreement.

6. **Effect of Disapproval or Termination of Settlement Agreement.**

(a) The Parties' settlement is contingent on Court approval of this Settlement Agreement as written and/or dismissal of this lawsuit with prejudice. The Settlement Agreement shall be null and void, and any order entered by the Court in furtherance of this Settlement Agreement shall be treated as void ab initio, in the event the Court does not grant approval of this Settlement Agreement or if the Court conditions its approval of the Parties' settlement on terms different than those set forth in this Agreement.

(b) In the event this Settlement Agreement becomes void, the Parties shall be deemed to have reverted to their respective status as of the date and time immediately prior to execution of the Settlement Agreement, and they shall proceed in all respects as if this Settlement and related order had not been executed.

7. **Choice of Law.**

This Agreement shall be interpreted and construed in accordance with and shall be governed by the laws of the State of Texas and, where applicable, the laws of the United States, without regard to conflict of law principles.

8. **No Admission of Liability.**

**EXHIBIT A**

This Agreement affects the settlement of disputes which are contested in good faith and nothing contained herein should be construed as an admission by any party of any liability of any kind. SKK denies the allegations in the Lawsuit, and denies that it engaged in any wrongdoing or violation of law. SKK is entering into this Settlement Agreement because the Settlement will eliminate the burden, risk and expense of further litigation. Except for purposes of this Settlement, neither this Settlement Agreement, nor any document referred to herein, nor any action taken to carry out this Settlement Agreement, may in any way be used as an admission, concession or indication by or against any SKK Released Party of any fault, wrongdoing or liability whatsoever, including any concession that certification of a class other than for purposes of this Settlement would be appropriate in this or any other case. Except for purposes of settling the Dispute, neither this Agreement, nor any of its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

## 9. Complete Agreement.

This Settlement Agreement and attached exhibit set forth the complete agreement between the Parties relating to the Settlement and any and all payments or obligations owed by SKK to the Plaintiffs or Class Counsel in connection with the Lawsuit, the Dispute, or as to any released Claims or Damages. Any previous agreements with respect to these matters are superseded by this Agreement. No term, provision or condition of this Agreement may be modified or waived in any respect except by a writing executed by Plaintiffs and a duly authorized representative of SKK. Except as expressly set forth herein, no person has made any representations or promises on behalf of any of the Parties. This Agreement has not been executed in reliance upon any representation or promise except those contained herein.

## 10. Binding Upon Successors and Assigns.

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Plaintiffs and the Released Parties, as previously defined.

## 11. No Prior Assignment.

The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

## 12. Waiver.

**EXHIBIT A**

The failure of any Party to enforce or to require timely compliance with any term or provision of this Agreement shall not be deemed to be a waiver or relinquishment of rights or obligations arising hereunder, nor shall such failure preclude or estop the subsequent enforcement of such term or provision or the enforcement of any subsequent breach.

13. **Counterparts.**

This Settlement Agreement may be executed in one or more counterparts and by facsimile or email. All executed copies of this Settlement Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

14. **Incorporation of Exhibit.**

The terms of this Settlement Agreement include the terms set forth in the attached exhibit, which is incorporated by this reference as though fully set forth herein. The exhibit to this Agreement is an integral part of the Agreement.

15. **Construction.**

This Agreement has been drafted jointly by counsel for the Parties. Hence, in any construction or interpretation of this Agreement, the same shall not be construed against any of the Parties.

16. **Retention of Jurisdiction.**

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

17. **No Signature Required by All Plaintiffs on Settlement Agreement.**

It is expressly agreed by all Parties that the execution of this Agreement by Named Plaintiff and Class Counsel shall have the same force and effect as if this Settlement Agreement were executed by each Plaintiff. Plaintiffs have authorized the Named Plaintiff to make decisions on their behalf concerning the litigation, including negotiating a resolution of their claims and the settlement of their claims, and Plaintiffs have acknowledged they are bound by such decisions.

18. **Titles and Captions of No Force.**

Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this

**EXHIBIT A**

Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

IN WITNESS WHEREOF, the parties have caused this Settlement Agreement and Release of Claims to be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

_Jamie Williamson_  06/21/2019
Jamie Williamson, Plaintiff and  Date
On Behalf of All Non-Signatory Plaintiffs

_[signature]_  6/21/2019
Todd Slobin  Date
Texas State Bar No. 24002953
Ricardo J. Prieto
Texas State Bar No. 24062947
Dorian Vandenberg-Rodes
Texas State Bar No. 24088573
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
713.621.2277
713.621.0993 (Fax)
tslobin@eeoc.net
rprieto@eeoc.net
drodes@eeoc.net

ATTORNEYS FOR PLAINTIFFS

_[signature]_  6-24-19
On Behalf of  Date
Southern Komfort Kitchen, LLC

**EXHIBIT A**

_/s/ Kevin L. Hood_             6·24·15
Kevin L. Hood                                    Date
Federal ID No.: 14550
State Bar No.: 9914400
khood@hakllp.com
HUGHES ARRELL KINCHEN LLP
One Houston Center
1221 McKinney, Suite 3150
Houston, TX 77010
Telephone: (713) 228-2322
Facsimile: (713) 228-0088

ATTORNEYS FOR DEFENDANT

**EXHIBIT A**